UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN JAY WISE, | No. 2:15-cv-1238 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| A. MENDENHALL, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 21.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

1  most prisoners, such as lack of legal education and limited law library access, do not establish
2  exceptional circumstances that would warrant a request for voluntary assistance of counsel.
3      Plaintiff requests appointment of counsel for the purposes of completing discovery on the
4  grounds that "discovery will be complex and counsel would better enable plaintiff to present
5  evidence." ECF No. 21.  At this stage of the case, the court is unable to make a determination as
6  to the likelihood of plaintiff's success on the merits and there is no evidence that plaintiff has
7  attempted and been unable to conduct discovery without assistance.  While it is likely that
8  appointment of counsel would "better enable plaintiff to present evidence," this is true for any pro
9  se plaintiff and is not an exceptional circumstance.  For these reasons, the court does not find the
10 required exceptional circumstances.
11     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
12 counsel (ECF No. 21) is denied.
13 DATED: August 5, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2