UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN JAY WISE,  | No. 2:15-cv-1238 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| A. MENDENHALL, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 26. Plaintiff has filed two previous motions to appoint counsel (ECF Nos. 6, 21), both of which were denied (ECF Nos. 8, 22).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

1  common to most prisoners, such as lack of legal education and limited law library access, do not
2  establish exceptional circumstances that would warrant a request for voluntary assistance of
3  counsel.  In the present case, the court does not find the required exceptional circumstances.

4      Plaintiff again requests counsel on the grounds that (1) his incarceration limits his ability
5  to litigate because he has limited access to the law library, (2) he has limited legal knowledge, and
6  (3) an attorney would be better able to present evidence and cross-examine witnesses at trial.
7  ECF No. 26.  Plaintiff's limited access to the law library and limited legal knowledge are not
8  exceptional circumstances because they are common to most prisoners.  At this stage of the case,
9  the court is unable to make a determination regarding plaintiff's likelihood of success on the
10  merits and there is no evidence plaintiff is unable to articulate his claims.  As for the necessity of
11  an attorney to represent him at trial, it is not clear that this case will proceed to trial and any
12  request on that basis is premature.  Plaintiff's request for counsel will therefore be denied without
13  prejudice.

14      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
15  counsel (ECF No. 26) is denied.

16  DATED: November 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE